**SECURITIES AND EXCHANGE COMMISSION et al., Plaintiffs,**

v.

**INTERNATIONAL SCANNING DEVICES, INC., et al., Defendants.**

**No. Civ-74-351.**

United States District Court,
W. D. New York.

Dec. 20, 1974.

William D. Moran, Regional Administrator, S.E.C., New York City (Roger M. Deitz, New York City, of counsel), for plaintiff S.E.C.

Kavinoky, Cook, Hepp, Sandler, Gardner & Wisbaum, New York City, (Joseph E. Zdarsky, Buffalo, N.Y., of counsel), for defendants Louis P. Mirando, International

Scanning Devices, Inc. and Columbia Sec. and Transfer, Inc.

Robert E. Casey, Jr., Buffalo, N.Y., for defendant International Chemical Development Corp.

William H. Gardner, Buffalo, N.Y. (Jerome D. Schad and Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y., of counsel), for receiver.

CURTIN, Chief Judge.

The law firm of Kavinoky, Cook, Hepp, Sandler, Gardner and Wisbaum, counsel for Louis P. Mirando, International Scanning Devices, Inc. and Columbia Security and Transfer, Inc., has moved to withdraw from the instant lawsuit. The application is denied.

In this complex litigation counsel have repeatedly recognized that preparation as well as the trial itself would take some time.[1] Further, the court agrees with the statement of the receiver, Mr. Gardner, that "counsel for the defendants have entered upon the representation of the defendants herein with full opportunity to be conscious of the complexity of the case being undertaken." Counsel also should have been on notice when the application of Robert Casey to withdraw as counsel for International Chemical Development Corporation was denied.

There have been several trial dates set in this case: September 10, 1974, September 24, 1974 and January 7, 1975. The present application was first heard on December 4, 1974. The court agrees with the Commission that "the public interest mandates that no further delay occur."

Permission for Kavinoky, Cook, Hepp, Sandler, Gardner and Wisbaum to withdraw as counsel in this action is denied. See *SEC v. G. M. Stanley & Co., Inc.*, (72 Civ. 3017, SDNY 1973); A.B.A. Canons, Dr. 2–110. The trial shall take place as scheduled on January 7, 1975.

So ordered.

---

1. On August 1, 1974, Kavinoky, Cook first appeared by Allan R. Lipman, Esq. and Joseph E. Zdarsky, Esq. for Mirando, ISD, and Columbia. At that time Kavinoky, Cook became counsel of record and has since then accepted service and has filed numerous documents on behalf of its clients: Mirando, ISD and Columbia. In response to a question from the Court as to how much preparation would be required for a consolidated trial of the preliminary injunction hearing and of the merits, Mr. Lipman said, "I would think, your Honor, it would be a fairly lengthy hearing. I would think we would have several witnesses and I would think that the trial itself could last a week on some thing as complicated as this." (Transcript at page 80.)[1] Later that day, Mr. Lipman indicated that an interview with each indenture purchaser might be necessary (p. 113). In its 26 page Memorandum of Law, filed August 7, 1974, Kavinoky, Cook stated that substantial questions of law and fact exist (Memorandum, p. 12, 17–18), and described the requested appointment of a receiver as "novel and drastic relief" (Memorandum p. 24). Mr. Zdarsky indicated that, "at a minimum, if we are going to try the whole lawsuit including all the claims for relief, disgorgement of proceeds, we would have to have at least a month to prepare."[2] (p. 161). Interviews with potential witnesses would be "time consuming" (p. 162). In explaining the preparation of the Meurer affidavit of August 5, 1974, which related to sales of ISD Indentures and ICDC brine interests, Mr. Zdarsky referred to ". . . the complexity of the issues on this matter . . ." (Zdarsky affidavit, August 6, 1974, para. 3, p. 2). During the first month of Kavinoky, Cook's representation of Mirando, ISD and Columbia, Mr. Zdarsky told the court that ". . . I don't anticipate it [the defendants' case] taking too long, a couple of days at the most. Unfortunately, much of the burden is going to be on us in this case defendants." (p. 200).

1 References are to the transcript of proceedings herein.

2 Obviously, counsel has enjoyed the luxury of many months of preparation, over the objection of the Commission, which has consistently urged a speedy resolution of this matter.